B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>Western District of Washington | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**EVERGREENBANCORP, INC.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**91-2097262** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**2000 First Avenue, Suite 1701**<br>**Seattle, WA 98121**<br><div align=right>ZIP CODE</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align=right>ZIP CODE</div> |
| County of Residence or of the Principal Place of Business:<br>**King** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align=right>ZIP CODE</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align=right>ZIP CODE</div> |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><div align=right>ZIP CODE</div> | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).
- - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**EVERGREENBANCORP, INC.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:  **None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  **None** | Case Number: | Date Filed: |
| District:  Western District of Washington | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>     Signature of Attorney for Debtor(s)        (Date) |

---

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

---

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>EVERGREENBANCORP, INC. |
|---|---|

| Signatures | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

    _____
    Telephone Number (if not represented by attorney)

    _____
    Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

    _____
    (Printed Name of Foreign Representative)

    _____
    Date

**Signature of Attorney***

X _____
    Signature of Attorney for Debtor(s)
    Hugh R. McCullough
    Printed Name of Attorney for Debtor(s)
    Davis Wright Tremaine LLP
    Firm Name
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101
    Address
    206-622-3150
    Telephone Number

    _____
    Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual
    Gerald O. Hatler
    Printed Name of Authorized Individual
    President & CEO
    Title of Authorized Individual
    5/28/10
    Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

    _____
    Printed Name and title, if any, of Bankruptcy Petition Preparer

    _____
    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

    _____
    Address

X _____

    _____
    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

These schedules of assets and liabilities and statements of financial affairs were prepared under the supervision of Gerald O. Hatler, president and chief executive officer of EvergreenBancorp, Inc. (the "**Debtor**"). The Debtor was the bank holding company for EvergreenBank, a commercial bank chartered by the State of Washington. On January 22, 2010, EvergreenBank was closed by the State of Washington Department of Financial Institutions, and the Federal Deposit Insurance Corporation was appointed as receiver. Certain of the assets and liabilities of EvergreenBank were sold by the FDIC to Umpqua Bank on January 22, 2010.

Prior to the closure and sale of EvergreenBank, its employees attempted to segregate those business, operational, and corporate records that pertained exclusively to the Debtor. As a result of the closure and sale of EvergreenBank, however, most of the Debtor's consolidated business, operational, and corporate records were transferred to, and are in the custody of the FDIC or of Umpqua Bank. Most of the former employees of the Debtor are now employed by Umpqua Bank. The Debtor has prepared these schedules and statements in good faith based on the limited information, records, and resources still available to it.

# United States Bankruptcy Court

## Western District of Washington

In re  EVERGREENBANCORP, INC.                    ,          Case No. _____

                          Debtor

                                                   Chapter  7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ | | |
| B - Personal Property | YES | 3 | $ 2,229,348.30 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 12,372,000.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ |
| TOTAL | | 14 | $ 2,229,348.30 | $ 12,372,000.00 | |

In re  EVERGREENBANCORP, INC.                    ,        Case No. _____
                 **Debtor**                                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |

Total▶

(Report also on Summary of Schedules.)

In re EVERGREENBANCORP, INC.           ,          Case No. _____
         **Debtor**                                                             **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Acct at US Bank, P.O. Box 1800, St. Paul, MN 55101<br>Checking Acct at Umpqua Bank, 1111 Third Ave., Seattle, WA | | $128,630.84<br><br>$717.53 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Catlin Specialty Insurance Company, Professional Liability Division, 60 State St., Ste. 1250, Boston, MA 01209<br>Indian Harbor Insurance Company, c/o XL Professional Insurance, 100 Constitution Plaza, 17th Floor, Hartford, CT 06103<br>Valiant Specialty Insurance Company, 110 William St., 21st Floor, New York, NY 10038 | | $5,000,000 (limits)<br><br>$2,000,000 xs $5,000,000 (limits)<br><br>$1,000,000 xs $7,000,000 (limits) |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re EVERGREENBANCORP, INC. _____,   Case No. _____
         **Debtor**                                         **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% of common stock in EvergreenBank<br>100% of common securities of EvergreenBancorp Capital Trust I<br>100% of common securities of EvergreenBancorp Statutory Trust II<br>100% of common securities of EvergreenBancorp Statutory Trust III | | $0<br>$0<br>$0<br>$0 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | IRS tax refund for losses carried back to prior tax years* | | Approximately $2.1 million |

*The FDIC may claim an interest in the refund.

In re  EVERGREENBANCORP, INC.                              ,        Case No. _____
                     **Debtor**                                                            **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____2_____ continuation sheets attached        Total▶        $        2,229,348.30

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

In re <u>EVERGREENBANCORP, INC.</u> ,          Case No. _____
          Debtor                                                     (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                                                               $146,450.*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| | | | |

* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re **EVERGREENBANCORP, INC.**    ,     Case No. _____

              **Debtor**                                      **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

     State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

     List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

     If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

     If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

     Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

     ☑     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| _____ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ | $ |
| | | | Total ▶ (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re  EVERGREENBANCORP, INC.          ,                    Case No._____
                          Debtor                                                      (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the  husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**In re** <u>EVERGREENBANCORP, INC.</u> ,          **Case No.**_____
                    Debtor                                    *(if known)*

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

<u> 1 </u> continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re  EVERGREENBANCORP, INC.                              ,          Case No. _____
                        **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> U.S. Bank National Association as Trustee <br> One Federal Street 3rd Floor <br> Boston, MA 02110 | | | November 15, 2006 Cash payment and common securities in exchange for Junior Subordinated Debt Securities | | | | $7,217,000 plus unpaid interest |
| ACCOUNT NO. <br><br> U.S. Bank National Association as Guarantee Trustee <br> 225 Asylum Street, 23rd Floor <br> Hartford, CT 06103 | | | November 15, 2006 Cash payment and common securities in exchange for Junior Subordinated Debt Securities | X | | | |
| ACCOUNT NO. <br><br> LaSalle Bank National Association as Trustee <br> 540 West Madison 25th Floor <br> Chicago, IL 60661 <br> Attn: LaSalle Global Trust Services | | | April 13, 2007 Cash payment and common securities in exchange for Junior Subordinated Debt Securities | | | | $5,155,000 plus unpaid interest |
| ACCOUNT NO. <br><br> LaSalle Bank National Association as Guarantee Trustee <br> 540 West Madison 25th Floor <br> Chicago, IL 60661 <br> Attn: LaSalle Global Trust Services | | | April 13, 2007 Cash payment and common securities in exchange for Junior Subordinated Debt Securities | X | | | |
| | | | | | Subtotal▶ | | $ 12,372,000.00 |

_1_  continuation sheets attached

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re  EVERGREENBANCORP, INC.                    ,          Case No. _____
_____
            **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Federal Deposit Insurance Corporation <br> 40 Pacifica, Suite 1000. Irvine, CA 92618 | | | | X | X | X | Unknown. |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  | $

Total▶ | $ 12,372,000.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re <u>EVERGREENBANCORP, INC.</u>          ,          Case No._____
<div style="text-align:center">**Debtor**</div>                                              <div style="text-align:center">**(if known)**</div>

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| U.S. Bank National Association, as Trustee<br>One Federal Street, 3rd Floor<br>Boston, MA 02110<br>Attn: Corporate Trust Services - EvergreenBancorp Statutory Trust II | Indenture dated as of November 23, 2006 between Debtor and U.S. Bank National Association as trustee relating to issuance by Debtor of its Junior Subordinated Debt Securities due December 15, 2036 |
| U.S. Bank National Association, as Guarantee Trustee<br>225 Asylum Street, 23rd Floor<br>Hartford, CT 06103<br>Attn: Corporate Trust Services - Evergreen Bancorp Statutory Trust II | Guarantee Agreement dated as of November 23, 2006, between Debtor and U.S. Bank National Association as Trustee which guarantees certain payments of funds held by EvergreenBancorp Statutory Trust II |
| LaSalle Bank National Association, as Trustee<br>540 West Madison, 25th Floor<br>Chicago, IL 60661<br>Attn: LaSalle Global Trust Services | Indenture dated as of April 13, 2007 between Debtor and LaSalle Bank National Association as trustee relating to issuance by Debtor of its Junior Subordinated Debt Securities due June 15, 2037 |
| LaSalle Bank National Association, as Guarantee Trustee<br>540 West Madison, 25th Floor<br>Chicago, IL 60661<br>Attn: LaSalle Global Trust Services | Guarantee Agreement dated as of April 13, 2007 between Debtor and LaSalle Bank National Association as trustee which guarantees payments of funds held by EvergreenBancorp Statutory Trust III |
| | |
| | |

In re   EVERGREENBANCORP, INC.            ,          Case No. _____
           **Debtor**                                              **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re  EVERGREENBANCORP, INC.                    ,        Case No. _____
                    **Debtor**                                                                (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | DEBTOR | SPOUSE |
|---|---|---|
| | $_____ | $_____ |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $_____ | $_____ |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | $_____ | $_____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $_____ | $_____ |
|     b. Insurance | $_____ | $_____ |
|     c. Union dues | $_____ | $_____ |
|     d. Other (Specify): _____ | $_____ | $_____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $_____ | $_____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $_____ | $_____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $_____ | $_____ |
| 8. Income from real property | $_____ | $_____ |
| 9. Interest and dividends | $_____ | $_____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $_____ | $_____ |
| 11. Social security or government assistance (Specify): _____ | $_____ | $_____ |
| 12. Pension or retirement income | $_____ | $_____ |
| 13. Other monthly income (Specify): _____ | $_____ | $_____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $_____ | $_____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $_____ | $_____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $_____ | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

In re  <u>EVERGREENBANCORP, INC.</u>          ,          Case No. _____

<div align="center"><b>Debtor</b></div>                                        <div align="right">(if known)</div>

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ _____ |
| a. Are real estate taxes included?    Yes _____    No _____ | |
| b. Is property insurance included?    Yes _____    No _____ | |
| 2. Utilities:  a. Electricity and heating fuel | $ _____ |
| b. Water and sewer | $ _____ |
| c. Telephone | $ _____ |
| d. Other _____ | $ _____ |
| 3. Home maintenance (repairs and upkeep) | $ _____ |
| 4. Food | $ _____ |
| 5. Clothing | $ _____ |
| 6. Laundry and dry cleaning | $ _____ |
| 7. Medical and dental expenses | $ _____ |
| 8. Transportation (not including car payments) | $ _____ |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ _____ |
| 10.Charitable contributions | $ _____ |
| 11.Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ _____ |
| b. Life | $ _____ |
| c. Health | $ _____ |
| d. Auto | $ _____ |
| e. Other _____ | $ _____ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $ _____ |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ _____ |
| b. Other _____ | $ _____ |
| c. Other _____ | $ _____ |
| 14. Alimony, maintenance, and support paid to others | $ _____ |
| 15. Payments for support of additional dependents not living at your home | $ _____ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ _____ |
| 17. Other _____ | $ _____ |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ _____ |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ _____ |
| b. Average monthly expenses from Line 18 above | $ _____ |
| c. Monthly net income (a. minus b.) | $ _____ |

In re  EVERGREENBANCORP, INC.  ,                          Case No. _____
          _____                                          _____
                    Debtor                                                        (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____              Signature: _____
                                                                                    Debtor

Date _____              Signature: _____
                                                                          (Joint Debtor, if any)

                                                        [If joint case, both spouses must sign.]

-----------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____            _____
Printed or Typed Name and Title, if any,                         Social Security No.
of Bankruptcy Petition Preparer                                     *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____            _____
Signature of Bankruptcy Petition Preparer                                  Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-----------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the  President & CEO  [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the  corporation  [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  15  sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date  5/28/10                         Signature: _____
                                                                Gerald O. Hatler, President & CEO
                                                                [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-----------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT

### Western District of Washington

In re: __EVERGREENBANCORP, INC.__ ,   Case No. _____
             Debtor                                                   (if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

     *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

     *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.  Income from employment or operation of business**

None
☐

     State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                    AMOUNT                            SOURCE

          $745,000.00         Dividend from EvergreenBank

**2. Income other than from employment or operation of business**

None

☑ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

☑ a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☐ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

**(see attached)**

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Response to Question 3.b.

| Name and Address of Creditor | Dates of Payments | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|
| Commerce Financial Partners 305 Cox Street Roselle, NJ 07203-1703 | 2/15/2010 | $44.73 | 0 |
| RR Donnelly P.O. Box 730216 Dallas, TX 75373-026 | 4/14/2010 4/30/2010 | $218.00 $218.00 | 0 |
| Davis Wright Tremaine LLP 1201 Third Ave., Suite 2200 Seattle, WA 98101 | 4/13/2010 4/22/2010 5/14/2010 | $18,619.50 (applied against retainer) $6,244.00 (applied against retainer) $5,136.50 (applied against retainer) | 0 |
| Register and Transfer Company 10 Commerce Drive Cranford, NJ 07016-3752 | 2/15/2010 4/14/2010 5/19/2010 | $1,162.68 $1,085.00 $1,032.56 | 0 |
| U.S. Bankruptcy Court | 5/21/10 | $299.00 | |

None ☐

c. *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Gerald Hatler<br>2000 1st Ave., Apt. 1701<br>Seattle, WA 98121 | 01-25-2010 | $6,000<br>consulting fee | 0.00 |
|  | 04-14-2010 | $10,000<br>consulting fee | 0.00 |

Payments to Directors -- see attached

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None 

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None 

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5.  Repossessions, foreclosures and returns

None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## Directors Fees

| | 8/27/2009 | 12/4/2009 | Total |
|---|---|---|---|
| Baldwin, R. William<br>21815 NE 29th<br>Redmond, WA  98074-6359 | $3,000.00 | $3,000.00 | $6,000.00 |
| Dawson, Craig<br>938 18th Avenue East<br>Seattle, WA  98112 | $2,375.00 | $2,375.00 | $4,750.00 |
| Grisham, Carole<br>18795 162nd Avenue NE<br>Woodinville, WA  98072 | $2,687.50 | $2,687.50 | $5,375.00 |
| Grossman, Robert<br>P.O. Box 2633<br>Stanwood, WA  98292-2633 | $2,375.00 | $2,375.00 | $4,750.00 |
| Hatler, Gerry<br>2000 1st Avenue, Apt. #1701<br>Seattle, WA  98121 | $2,062.50 | $2,062.50 | $4,125.00 |
| McNaughton, Stanley<br>4425 E. Lake Goodwin Road<br>Stanwood, WA  98292 | $3,000.00 | $3,000.00 | $6,000.00 |
| Olson, Russel<br>1186 Rutland Place<br>Camano Island, WA  98282-7563 | $3,312.50 | $3,312.50 | $6,625.00 |
| Phillips, Joseph<br>P.O. Box 222000<br>Seattle, WA  98122-1090 | $2,687.50 | $2,687.50 | $5,375.00 |
| **TOTAL** | **$21,500.00** | **$21,500.00** | **$43,000.00** |

**6. Assignments and receiverships**

None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| Washington State Department of Financial Institution ("DFI") | 01/22/2010 | Pursuant to RCW 30.44, debtor as sole shareholder of EvergreenBank consented to DFI taking possession of EvergreenBank |

None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
|  |  |  |  |

**7. Gifts**

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
|  |  |  |  |

**8. Losses**

None
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
|  |  |  |

**9. Payments related to debt counseling or bankruptcy**

None 

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Davis Wright Tremaine LLP 1201 Third Avenue, Suite 2200 Seattle, WA 98101 | 1/21/2020 | $1,785.00 |
| | 1/26/2010 | $30,000.00 (retainer) |
| | 4/14/2010 | $18,819.50 (applied against retainer) |
| | 4/22/2010 | $6,244.00 (applied against retainer) |
| | 5/14/2010 | $5,136.50 (applied against retainer) |

**10. Other transfers**

None 

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None 

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None 

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None 

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None ☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1111 Third Avenue Suite 2100 Seattle, WA 98101 | EvergreenBancorp, Inc. | July 2007 - January 2010 |
| 301 Eastlake Avenue East Seattle, WA 98109 | EvergreenBancorp, Inc. | All of such three year period up to July 2007 |

---

**16. Spouses and Former Spouses**

None 

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None 

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None 

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None 

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

**(see attached)**

None ☑    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
| Gordon Browning, c/o Cascade Financial Corporation, 2828 Colby Avenue, Everett, WA 98201 | All of 2 year period |
| Rika Camardella, c/o Umpqua Bank, 1111 Third Avenue, Seattle, WA | All of 2 year period |

None ☐    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| Crowe Horwath LLP | One Mid American Plaza Suite 700 P.O. Box 3697 Oak Brook, IL 60522-3697 | All of 2 year period |

Response to Question 18.b.

| Name | Complete EIN | Address[1] | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|---|
| EvergreenBancorp Capital Trust I | Not available. | 2000 1st Avenue, Suite 1701, Seattle, Washington 98121 | Issuer of trust-preferred securities | May 2002–present |
| EvergreenBancorp Statutory Trust II | Not available. | 2000 1st Avenue, Suite 1701, Seattle, Washington 98121 | Issuer of trust-preferred securities | Nov. 2006–present |
| EvergreenBancorp Statutory Trust III | Not available. | 2000 1st Avenue, Suite 1701, Seattle, Washington 98121 | Issuer of trust-preferred securities | Mar. 2007–present |
| EvergreenBank | 91-0868436 | 2000 1st Avenue, Suite 1701, Seattle, Washington 98121 | Banking | June 2001–Jan. 2010 |

---

[1] The address identified is the current address for EvergreenBancorp, Inc.

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

         NAME                                                  ADDRESS
         Umpqua Bank, 1111 Third Ave, Seattle, WA
         Federal Deposit Insurance Corporation,
         40 Pacifica, Suite 1000. Irvine, CA 92618
         Gerald O. Hatler, 2000 First Ave., Suite 1701, Seattle, WA 98121

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

         NAME AND ADDRESS                               DATE ISSUED
           **(see attached)**                             Filed for each calendar quarter for such
                                                       period through the quarter ending
                                                       September 30, 2009

---

### 20. Inventories

None ☑    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                      DOLLAR AMOUNT
                                                      OF INVENTORY
         DATE OF INVENTORY       INVENTORY SUPERVISOR       (Specify cost, market or other basis)

None ☑    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

                                                    NAME AND ADDRESSES
                                                    OF CUSTODIAN
         DATE OF INVENTORY                                       OF INVENTORY RECORDS

---

### 21. Current Partners, Officers, Directors and Shareholders

None ☑    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

         NAME AND ADDRESS           NATURE OF INTEREST      PERCENTAGE OF INTEREST

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                                    NATURE AND PERCENTAGE
         NAME AND ADDRESS             TITLE           OF STOCK OWNERSHIP
     **(see attached)**

---

Response to Question 19.d.

Securities and Exchange Commission
San Francisco Regional Office
44 Montgomery St., Ste. 2600
San Francisco, CA 94104

U.S. Bank National Association, as Trustee
One Federal Street, 3rd Floor
Boston, MA 02110
Attn: Corporate Trust Services - Evergreen Bancorp Statutory Trust II

LaSalle Bank National Association as Trustee
540 West Madison, 25th Floor
Chicago, IL 60661
Attn: LaSalle Global Trust Services

Response to Question 21.b.

| | | | |
|---|---|---|---|
| Richard Baldwin<br>21815 NE 29th<br>Redmond, WA 98074-6359 | Director | Common Stock | 0.26% |
| Craig Dawson<br>938 18th Avenue East<br>Seattle, WA 98112 | Director | Common Stock | 0.05% |
| Carole Grisham<br>18795 162nd Avenue NE<br>Woodinville, WA 98072 | Director | Common Stock | 0.40% |
| Robert Grossman<br>P.O. Box 2633<br>Stanwood, WA 98292-2633 | Director | Common Stock | 0.26% |
| Gerald Hatler<br>2000 1st Avenue, Apt. #1701<br>Seattle, WA 98121 | Director,<br>President & CEO | Common Stock | 1.60% |
| Stan McNaughton<br>4425 E. Lake Goodwin Road<br>Stanwood, WA 98292 | Director | Common Stock | 1.15% |
| Russel Olson<br>1186 Rutland Place<br>Camano Island, WA 98282-7563 | Director | Common Stock | 0.31% |
| Joseph Phillips<br>P.O. Box 222000<br>Seattle, WA 98122-1090 | Director | Common Stock | 0.06% |
| Clara McNaughton<br>16109 Evanston Avenue North<br>Shoreline, WA | Shareholder | Common Stock | 5.40% |

**22 . Former partners, officers, directors and shareholders**

None
☑ a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None
☐ b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated
within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|
| Gordon Browning | EVP & CFO | January 25, 2010 |
| Nancy Hoppe | Corporate Secretary | January 25, 2010 |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|
| Gerald Hatler<br>2000 First Avenue, Apt. 1701<br>Seattle, WA 98121<br>President & CEO | Consulting Fees<br>1/25/2010 and<br>4/14/2010 | $16,000 |

See also Directors' Fees attached to response to 3

---

**24. Tax Consolidation Group.**

None
☐ If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any
consolidated group for tax purposes of which the debtor has been a member at any time within **six years**
immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|
| EvergreenBancorp, Inc. | 91-2097262 |

---

**25. Pension Funds.**

None
☑ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to
which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately
preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|

\* \* \* \* \* \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature
of Debtor    _____

Date _____    Signature of
Joint Debtor
(if any)    _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    5/28/10      Signature _____

Print Name and
Title    Gerald O. Hatler, President & CEO

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_5_ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____      _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____      _____
Signature of Bankruptcy Petition Preparer      Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

In re: EVERGREENBANCORP, INC.

Name of Debtor(s)

Case No. _____

(If Known)

1.  Pursuant to 11 U.S.C. §329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $     31,785.00

Prior to the filing of this statement I have received. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $     31,785.00

Balance Due. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $          0.00

2.  The source of the compensation paid to me was:

    ☑  Debtor        ☐  Other *(specify)*

3.  The source of compensation to be paid to me is:

    ☑  Debtor        ☐  Other *(specify)*

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case only:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.  Preparation and filing of the petition, schedules, and statement of affairs; and

    c.  Representation of the debtor at the meeting of creditors.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

    Any aspects after the petition date other than attending the meeting of creditors.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

05/28/2010

Date

*Signature of Attorney*

Davis Wright Tremaine LLP

*Name of Law Firm*

| |
|---|
| Catlin Specialty Insurance Company<br>Professional Liability Division<br>60 State Street. Suite 1250<br>Boston MA 01209 |
| Carole Grisham<br>18795 162nd Avenue NE<br>Woodinville, WA 98072 |
| Clara McNaughton<br>16109 Evanston Avenue North<br>Shoreline, WA |
| Commerce Financial Partners<br>305 Cox Street<br>Roselle, NJ 07203-1703 |
| Craig Dawson<br>938 18th Avenue East<br>Seattle, WA 98112 |
| Crowe Horwath LLP<br>One Mid American Plaza<br>Suite 700<br>P.O. Box 3697<br>Oak Brook, IL  60522-3697 |
| Davis Wright Tremaine LLP<br>1201 Third Ave., Suite 2200<br>Seattle, WA 98101 |
| EvergreenBancorp<br>Capital Trust I<br>2000 1st Avenue, Suite 1701<br>Seattle, Washington 98121 |
| EvergreenBancorp<br>Statutory Trust II<br>2000 1st Avenue, Suite 1701<br>Seattle, Washington 98121 |
| EvergreenBancorp<br>Statutory Trust III<br>2000 1st Avenue, Suite 1701<br>Seattle, Washington 98121 |
| EvergreenBank<br>c/o Federal Deposit Insurance Corporation<br>40 Pacifica, Suite 1000. Irvine, CA 92618 |
| Evergreenbancorp, Inc.<br>2000 First Avenue, Suite 1701<br>Seattle, WA 98121 |
| Federal Deposit Insurance Corporation<br>Seattle Field Office<br>1000 Dexter Ave., Ste. 500<br>Seattle, WA 98109 |

| |
|---|
| Federal Deposit Insurance Corporation<br>40 Pacifica, Suite 1000<br>Irvine, CA 92618 |
| Gerald Hatler<br>2000 1st Ave., Apt. 1701<br>Seattle, WA 98121 |
| Gordon Browning<br>c/o Cascade Financial Corporation<br>2828 Colby Avenue<br>Everett, WA 98201 |
| Indian Harbor Insurance Company<br>c/o XL Professional Insurance<br>100 Consitution Plaza 17th Floor<br>Hartford, CT 06103 |
| Joseph Phillips<br>P.O. Box 222000<br>Seattle, WA 98122-1090 |
| LaSalle Bank National Association as Guarantee Trustee<br>540 West Madison 25th Floor<br>Chicago, IL 60661<br>Attn: LaSalle Global Trust Services |
| LaSalle Bank National Association as Trustee<br>540 West Madison 25th Floor<br>Chicago, IL 60661<br>Attn: LaSalle Global Trust Services |
| Register and Transfer Company<br>10 Commerce Drive<br>Cranford, NJ 07016-3752 |
| Richard Baldwin<br>21815 NE 29th<br>Redmond, WA 98074-6359 |
| Rika Camardella<br>c/o Umpqua Bank<br>1101 Third Avenue, Seattle, WA 98101 |
| Robert Grossman<br>P.O. Box 2633<br>Stanwood, WA 98292-2633 |
| RR Donnelly<br>P.O. Box 730216<br>Dallas, TX 75373-026 |
| Russel Olson<br>1186 Rutland Place<br>Camano Island, WA 98282-7563 |

| |
|---|
| Securities and Exchange Commission<br>San Francisco Regional Office<br>44 Montgomery St., Ste. 2600<br>San Francisco, CA 94104 |
| Stan McNaughton<br>4425 E. Lake Goodwin Road<br>Stanwood, WA 98292 |
| State of Washington Department of Financial Institutions<br>PO Box 41200<br>Olympia WA 98504-1200 |
| U.S. Bank National Association as Guarantee Trustee<br>225 Asylum Street, 23rd Floor<br>Hartford, CT  06103 |
| U.S. Bank National Association as Trustee<br>One Federal Street 3rd Floor<br>Boston, MA 02110 |
| U.S. Bank National Association, as Guarantee Trustee<br>225 Asylum Street, 23rd Floor<br>Hartford, CT 06103<br>Attn:  Corporate Trust Services - Evergreen Bancorp Statutory Trust II |
| U.S. Bank National Association, as Trustee<br>One Federal Street, 3rd Floor<br>Boston, MA 02110<br>Attn:  Corporate Trust Services - EvergreenBancorp Statutory Trust II |
| U.S. Bank National Association, as Trustee<br>One Federal Street, 3rd Floor<br>Boston, MA 02110<br>Attn:  Corporate Trust Services - Evergreen Bancorp Statutory Trust II |
| Umpqua Bank<br>1111 Third Avenue<br>Seattle, WA 98101 |
| Umpqua Bank<br>P.O. Box 1820<br>Roseburg, OR, 97470 |
| US Bank<br>PO Box 1800<br>St. Paul, MN 55101 |
| Valiant Specialty Insurance Company<br>110 William Street 21st Floor<br>New York, NY 10038 |

**EVERGREENBANCORP, INC.**

**Unanimous Consent of the
Board of Directors**

The undersigned, being all of the Directors of EvergreenBancorp, Inc. (the "Company"), do hereby approve and adopt the following resolutions in lieu of holding a meeting to do the same:

RESOLVED, that the minutes from the meeting of the Board of Directors held on January 27, 2010, a copy of which is attached hereto as Exhibit A, are hereby approved; and

RESOLVED, that the signing by Gordon Browning of (i) a check payable to Gerald Hatler in the amount of $6,000 and (ii) a check payable to Davis Wright Tremaine LLP ("DWT") in the amount of $30,000, the delivery of such checks, and the payments made pursuant thereto are hereby ratified, confirmed, authorized and approved regardless of Mr. Browning's resignation as Executive Vice President and Chief Financial Office or the effective time thereof.

This Consent may be executed in one or more counterparts and delivered by manually signed counterparts or by facsimile or other electronic means. All counterparts or signed signature pages thereof, shall constitute the appropriate approval of this Consent and shall be filed with the records of the Company.

This Consent shall be effective upon the date of the last Director to execute it.

_____        _____
RICHARD W. BALDWIN                  Date

_____        _____
CRAIG DAWSON                        Date

_____        _____
CAROLE J. GRISHAM                   Date

_____        _____
ROBERT J. GROSSMAN                  Date

_____        _____
GERALD O. HATLER                    Date

_____        _____
STANLEY McNAUGHTON                  Date

DWT 13917620v1 0065145-000002

# EVERGREENBANCORP, INC.

## Unanimous Consent of the
## Board of Directors

The undersigned, being all of the Directors of EvergreenBancorp, Inc. (the "Company"), do hereby approve and adopt the following resolutions in lieu of holding a meeting to do the same:

RESOLVED, that the minutes from the meeting of the Board of Directors held on January 27, 2010, a copy of which is attached hereto as Exhibit A, are hereby approved; and

RESOLVED, that the signing by Gordon Browning of (i) a check payable to Gerald Hatler in the amount of $6,000 and (ii) a check payable to Davis Wright Tremaine LLP ("DWT") in the amount of $30,000, the delivery of such checks, and the payments made pursuant thereto are hereby ratified, confirmed, authorized and approved regardless of Mr. Browning's resignation as Executive Vice President and Chief Financial Office or the effective time thereof.

This Consent may be executed in one or more counterparts and delivered by manually signed counterparts or by facsimile or other electronic means. All counterparts or signed signature pages thereof, shall constitute the appropriate approval of this Consent and shall be filed with the records of the Company.

This Consent shall be effective upon the date of the last Director to execute it.

| | |
|---|---|
| RICHARD W. BALDWIN | Date |
| CRAIG DAWSON | 1/28/10 Date |
| CAROLE J. GRISHAM | Date |
| ROBERT J. GROSSMAN | Date |
| GERALD O. HATLER | Date |
| STANLEY McNAUGHTON | Date |

DWT 13917620v1 0065145-000002

**EVERGREENBANCORP, INC.**

**Unanimous Consent of the**
**Board of Directors**

The undersigned, being all of the Directors of EvergreenBancorp, Inc. (the "Company"), do hereby approve and adopt the following resolutions in lieu of holding a meeting to do the same:

RESOLVED, that the minutes from the meeting of the Board of Directors held on January 27, 2010, a copy of which is attached hereto as Exhibit A, are hereby approved; and

RESOLVED, that the signing by Gordon Browning of (i) a check payable to Gerald Hatler in the amount of $6,000 and (ii) a check payable to Davis Wright Tremaine LLP ("DWT") in the amount of $30,000, the delivery of such checks, and the payments made pursuant thereto are hereby ratified, confirmed, authorized and approved regardless of Mr. Browning's resignation as Executive Vice President and Chief Financial Office or the effective time thereof.

This Consent may be executed in one or more counterparts and delivered by manually signed counterparts or by facsimile or other electronic means. All counterparts or signed signature pages thereof, shall constitute the appropriate approval of this Consent and shall be filed with the records of the Company.

This Consent shall be effective upon the date of the last Director to execute it.

| | |
|---|---|
| RICHARD W. BALDWIN | Date |
| CRAIG DAWSON | Date |
| *Carole J. Grisham* | 1-30-2010 |
| CAROLE J. GRISHAM | Date |
| ROBERT J. GROSSMAN | Date |
| GERALD O. HATLER | Date |
| STANLEY McNAUGHTON | Date |

DWT 13917626v1 0065145-000002

# EVERGREENBANCORP, INC.

### Unanimous Consent of the
### Board of Directors

The undersigned, being all of the Directors of EvergreenBancorp, Inc. (the "Company"), do hereby approve and adopt the following resolutions in lieu of holding a meeting to do the same:

RESOLVED, that the minutes from the meeting of the Board of Directors held on January 27, 2010, a copy of which is attached hereto as Exhibit A, are hereby approved; and

RESOLVED, that the signing by Gordon Browning of (i) a check payable to Gerald Hatler in the amount of $6,000 and (ii) a check payable to Davis Wright Tremaine LLP ("DWT") in the amount of $30,000, the delivery of such checks, and the payments made pursuant thereto are hereby ratified, confirmed, authorized and approved regardless of Mr. Browning's resignation as Executive Vice President and Chief Financial Office or the effective time thereof.

This Consent may be executed in one or more counterparts and delivered by manually signed counterparts or by facsimile or other electronic means. All counterparts or signed signature pages thereof, shall constitute the appropriate approval of this Consent and shall be filed with the records of the Company.

This Consent shall be effective upon the date of the last Director to execute it.

---

RICHARD W. BALDWIN              Date

---

CRAIG DAWSON              Date

---

CAROLE J. GRISHAM          Date

*[signature]*          1/27/10

ROBERT J. GROSSMAN         Date

---

GERALD O. HATLER           Date

---

STANLEY McNAUGHTON        Date

DWT 13917620v1 0065145-000002

**EVERGREENBANCORP, INC.**

**Unanimous Consent of the**
**Board of Directors**

The undersigned, being all of the Directors of EvergreenBancorp, Inc. (the "Company"), do hereby approve and adopt the following resolutions in lieu of holding a meeting to do the same:

RESOLVED, that the minutes from the meeting of the Board of Directors held on January 27, 2010, a copy of which is attached hereto as Exhibit A, are hereby approved; and

RESOLVED, that the signing by Gordon Browning of (i) a check payable to Gerald Hatler in the amount of $6,000 and (ii) a check payable to Davis Wright Tremaine LLP ("DWT") in the amount of $30,000, the delivery of such checks, and the payments made pursuant thereto are hereby ratified, confirmed, authorized and approved regardless of Mr. Browning's resignation as Executive Vice President and Chief Financial Officer or the effective time thereof.

This Consent may be executed in one or more counterparts and delivered by manually signed counterparts or by facsimile or other electronic means. All counterparts or signed signature pages thereof, shall constitute the appropriate approval of this Consent and shall be filed with the records of the Company.

This Consent shall be effective upon the date of the last Director to execute it.

| | |
|---|---|
| _____ | _____ |
| RICHARD W. BALDWIN | Date |
| _____ | _____ |
| CRAIG DAWSON | Date |
| _____ | _____ |
| CAROLYN GRISHAM | Date |
| _____ | _____ |
| ROBERT J. GROSSMAN | Date |
| _____ | 2/10/2010 |
| GERALD O. HATLER | Date |
| _____ | _____ |
| STANLEY McNAUGHTON | Date |

_(signature)_

**RUSSEL E. OLSON**

**1-20-10**
Date

**JOSEPH PHILLIES**

Date

DWT 13917620v1 0065145-000002

**EVERGREENBANCORP, INC.**

**Unanimous Consent of the
Board of Directors**

The undersigned, being all of the Directors of EvergreenBancorp, Inc. (the "Company"), do hereby approve and adopt the following resolutions in lieu of holding a meeting to do the same:

RESOLVED, that the minutes from the meeting of the Board of Directors held on January 27, 2010, a copy of which is attached hereto as Exhibit A, are hereby approved; and

RESOLVED, that the signing by Gordon Browning of (i) a check payable to Gerald Hatler in the amount of $6,000 and (ii) a check payable to Davis Wright Tremaine LLP ("DWT") in the amount of $30,000, the delivery of such checks, and the payments made pursuant thereto are hereby ratified, confirmed, authorized and approved regardless of Mr. Browning's resignation as Executive Vice President and Chief Financial Officer or the effective time thereof.

This Consent may be executed in one or more counterparts and delivered by manually signed counterparts or by facsimile or other electronic means. All counterparts or signed signature pages thereof, shall constitute the appropriate approval of this Consent and shall be filed with the records of the Company.

This Consent shall be effective upon the date of the last Director to execute it.

_____     _____
RICHARD W. BALDWIN                   Date

_____     _____
CRAIG DAWSON                         Date

_____     _____
CAROLE J. GRISHAM                    Date

_____     _____
ROBERT J. GROSSMAN                   Date

_____     _____
GERALD O. HATLER                     Date

_____     ___1/29/10_____
STANLEY McNAUGHTON                   Date

DWT 13917620v1 0065145-000002

RUSSEL E. OLSON

_____        _____
                                              Date

JOSEPH PHILLIPS                          1 - 2 8 - 1 0
_____        _____
                                              Date

EXHIBIT A

**EVERGREENBANCORP, INC.**

**Minutes of Meeting of
Board of Directors
January 27, 2010**

A special telephonic meeting of the Board of Directors of EvergreenBancorp, Inc. (the "Company") was held on January 27, 2010. Chairman McNaughton called the meeting to order at approximately 2:03 p.m. All of the directors of the Company were present. Also attending the meeting were Bernie Russell and Jim Waggoner of Davis Wright Tremaine LLP, the Company's legal counsel.

Chairman McNaughton asked Mr. Hatler to update the Board on the matter of the Company records that the FDIC wanted. Mr. Hatler said that the FDIC had copied various Company records and that the records had been returned to him. Chairman McNaughton indicated that the FDIC had also visited the PEMCO offices (a former holding company of EvergreenBank) to request various records.

Chairman McNaughton asked for approval of the minutes for the January 25, 2010 Board meeting. After it was noted that the resignations of Mr. Browning and Ms. Hoppe should be effective at 11:59 p.m. on January 25, 2010, a motion for approving the minutes was made and seconded and approved by all of the directors except Mr. Baldwin and Mr. Dawson who were not at the January 25, 2010 meeting.

The Board next discussed the possible bankruptcy filing by the Company. Mr. Waggoner described the timing and procedures related to the filing. The members had previously received draft of proposed Board resolutions for the filing. The draft resolutions were discussed and questions answered about them by Mr. Waggoner and Mr. Russell. Upon a motion and a second, the following resolutions relating to the bankruptcy filing and certain related matters were unanimously approved and adopted:

WHEREAS, in the judgment of the Board of Directors of EvergreenBancorp, Inc. (the "Company"), it is desirable and in the best interests of the Company to file a voluntary petition (the "Petition") for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and the Board of Directors wishes to approve such action;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company that the Company shall be, and the Company hereby is, authorized to file the Petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court");

FURTHER RESOLVED, that the law firm of Davis Wright Tremaine LLP shall be, and hereby is, authorized to file the Petition;

FURTHER RESOLVED, that the President and Chief Executive Officer is hereby authorized, directed and empowered, in the name of and on behalf of the Company, to execute, verify and cause to be filed the Petition, including the schedules of assets and liabilities, the statement of financial affairs and other ancillary documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to be filed with the Petition;

FURTHER RESOLVED, that the President and Chief Executive Officer is hereby authorized, directed and empowered, in the name of and on behalf of the Company, (i) to take or cause to be taken any and all actions, to make or cause to be made all payments (including but not limited to payments of expenses, retainers and filing fees), (ii) to make or cause to be made all federal, state and local governmental, administrative and/or regulatory filings as may be required or advisable under the laws or regulations of any jurisdiction, and (iii) to negotiate, enter into, execute, deliver and perform all other documents, agreements, certificates or instruments as may be necessary, appropriate, convenient or proper, in each case to effectuate the intent of, and the transactions contemplated by, the foregoing resolutions, and the execution and delivery thereof by the President and Chief Executive Officer to be conclusive evidence of such approval;

FURTHER RESOLVED, that the President and Chief Executive Officer is hereby authorized, directed and empowered to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of the President and Chief Executive Officer shall be necessary, proper, and desirable to prosecute to a successful completion of the Company's Chapter 7 case, other obligations, organizational form and structure, and ownership of the Company consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, his authority thereunto to be evidenced by the taking of such actions;

FURTHER RESOLVED, that, in the event that an involuntary bankruptcy proceeding is commenced against the Company, the President and Chief Executive Officer is hereby authorized to take such action as may be necessary and appropriate to convert such involuntary bankruptcy proceedings into voluntary Chapter 7 bankruptcy proceedings;

FURTHER RESOLVED, that any and all acts taken and any an all certificates, instruments, agreements or other documents executed on behalf of the Company by the President and Chief Executive Officer prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions,

certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved; and

FURTHER RESOLVED, as previously discussed in prior meetings of the Board of Directors, the change of the Company's address to 2000 First Avenue, Suite 1701, Seattle, WA 98121 and the appointment of Gerald Hatler as the Company's registered agent are hereby ratified, confirmed, adopted and approved.

Chairman McNaughton asked Mr. Hatler to update the Board on the D&O insurance policy. Mr. Hatler said he had notified the agent of the receivership of EvergreenBank and that the agent has notified the broker.

The form of resignation previously forwarded by Mr. Russell to the directors was discussed. Mr. Russell told the Board members that they could sign and forward the resignations to Mr. Hatler now but that the resignations would not be effective until an order for relief had been entered under the Bankruptcy Code. Mr. Waggoner discussed the timing of when that would occur.

There being no further business, the meeting was adjourned at approximately 2:20 p.m.